UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:17-CV-00177-TBR

MARGARET MICHELLE DRIVER                                        PLAINTIFF

v.

LYON COUNTY AMBULANCE SERVICE
and KRISTOPHER TAPP                                                  DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Lyon County Ambulance Service ("LCAS") and Kristopher Tapp's ("Tapp"), collectively ("Defendants"), Motion for Summary Judgment. [DN 17.] Margaret Driver ("Driver"), *pro se*, has not responded and the time to do so has passed. As such, this matter is ripe for adjudication. For the reasons that follow, Defendants' Motion for Summary Judgment [DN 17] is **GRANTED**.

**I. BACKGROUND**

Driver filed suit against Defendants alleging a violation of her "civil liberties". [DN 1 at 4.] This Court construed Driver's complaint as alleging a violation of the Fourteenth Amendment's Due Process Clause and both state and federal claims for failure to train. [DN 5 at 1.] Driver alleges these violations occurred when Tapp responded to a 911 call on November 28, 2016. [DN 1 at 6.] Defendants filed this motion for summary judgment in April of 2019. Driver has filed, and been granted, three extensions to respond to this motion. Driver still has not responded. As such, this Court will consider Defendants' motion without Driver's response.

1

## II. LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. See *Matshushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonable find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). The plaintiff may accomplish this by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence…of a genuine dispute…" Fed. R. Civ. P. 56(c)(1). Mere speculation will not suffice to defeat a motion for summary judgment, "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Sys. Corp.,* 90 F.3d 1173, 1177 (6th Cir. 1996).

## III. DISCUSSION

### A. Fourteenth Amendment Claim Against Tapp

Defendants first argue that there is no substantive right to medical care or state rescue unless the state has custody of an individual or creates a danger and that no exception applies here.

In her complaint, Driver states in her complaint, "all patients have a right to fair and trustworthy treatment while in their care." [DN 1 at 6.] The Court agrees with Defendants.

"[T]he Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *Deshaney v. Winnebago County Dep't of Social Services et. al.,* 489 U.S. 189, 196 (1989). "It is not a constitutional violation for a state actor to render incompetent medical assistance or fail to rescue those in need." *Jackson v. Schultz,* 429 F.3d 586, 590 (6th Cir. 2005). Therefore, for Due Process to be violated, an exception must apply.

**1. Custody Exception**

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *Deshaney,* 489 U.S. at 199-200. An individual is in custody when there is a limitation the government imposes on the individual's ability "to act on his own behalf— through incarceration, institutionalization, or other similar restraint of personal liberty". *Id.* at 200. Therefore, the Defendants must act to cause Driver to be restrained. The Court finds that this exception does not apply.

According to Tapp, upon arrival and assessment of Driver, she was combative. [DN 18-1 at ¶ 18.] After conducting the limited assessment they were able to do, due to Driver's combativeness, Tapp asked if Driver wanted to be taken to the hospital and she agreed. [*Id.* at ¶ 24.] Tapp, with the assistance of ambulance driver Hal Nance, strapped Driver to a gurney with safety straps. [*Id.* at ¶ 26.] Driver has not put forth any evidence alleging she was restrained in a way that limited her freedom. According to the evidence, Driver willingly got in the ambulance to be taken to the hospital.

Defendants have cited *Jackson v. Schultz,* 429 F.3d 586 (6th Cir. 2005) as an instructive case. In *Jackson,* EMTs arrived on the scene where an individual was shot, alive, but bleeding. *Id.* at 588. EMTs placed the individual in the ambulance and watched him die. *Id.* The Court held that "moving an unconscious patient into an ambulance" is not custody. *Id.* at 590. "[R]estraints of personal liberty…require some state action that applies force (or the threat of force) and show of authority made with the intent of acquiring physical control." *Id.* If placing an unconscious individual in the ambulance does not equal custody, it cannot be said that placing an individual in an ambulance with consent equals custody. There also is no evidence that Driver was ever subjected to force or the threat of force. Therefore, the custody exception does not apply.

   2. **State-Created Danger Exception**

In order to prove a state-created danger, Driver must plead "(1) an affirmative act by the EMTs that creates or increases a risk that [she] would be exposed to private acts of violence, (2) a special danger to [her] such that the EMTs' acts placed [her] specifically at risk…,and (3) that the EMTs knew or should have known that their actions specifically endangered [her]." *Id.* at 591. Here, Driver alleges in her complaint "instead of treating me as a head injury patient when they arrived on scene I was treated like I was just a belligerent drunk." [DN 1 at 6.] Driver has not provided any evidence suggesting how any actions by Defendants created a danger or worsened her position. Driver alleges in her complaint that "being left at Caldwell Medical Center lead to me being thrown in a holding cell in Caldwell Co. Jail in deplorable conditions." [*Id.*] However, Driver does not provide any more information, facts, or evidence explaining how Defendants' actions led to this. Simply taking Driver to the hospital, without more evidence, does not create a danger. Therefore, Driver cannot succeed on a theory of state-created danger and this claim must

be dismissed. The Court need not address Defendants' argument that their conduct did not shock the conscience due to the Court's finding that neither exception applies.

## B. Qualified Immunity

The Court has already determined that Driver's claim is not viable. Therefore, the Court will not spend much time on Defendants' argument of qualified immunity. "Qualified immunity shields an officer from suit when she makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances she confronted." *Brosseau v. Haugen,* 543 U.S. 194, 198 (2004). To avoid qualified immunity, one must show there was a constitutional violation and it was a clearly established constitutional right. *Id.* at 599. As previously stated, there is no constitutional right to medical care here. Further, even if there is a constitutional violation, the right is not clearly established. *See Jackson,* 429 F.3d at 592.

## C. Failure to Train

The Court construed Driver's complaint as alleging a § 1983 failure to train claim. Defendants argue Driver cannot succeed because there is no underlying violation. The Court agrees. "[M]unicipal iability under § 1983 requires an underlying violation of the § 1983 claimant's constitutional rights." *S.L. v. Pierce Twp. Bd. Of Trs.,* 771 F.3d 956, 963 (6th Cir. 2014). This Court has already decided that there was no Fourteenth Amendment violation. Without a violation by Tapp, Driver cannot succeed on her federal failure to train claim. Therefore, this claim must be dismissed.

LCAS also argues it is entitled to summary judgment on the state law failure to train claim because there is no evidence to support Driver's claim. The Court agrees. In order to succeed on a failure to train claim Driver must prove: "(1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference;

and (3) the inadequacy was closely related to or actually caused the injury." *Ellis v. Cleveland Mun. Sch. Dist.,* 455 F.3d 690, 700 (6th Cir. 2006). Here, Driver has not provided any evidence suggesting how the training LCAS provided was inadequate. Driver has only alleged in her complaint that LCAS failed to properly train its workers. On the other hand, LCAS has provided evidence that it follows the certification standards required by statute. LCAS, through Tapp's affidavit, also provided evidence that EMTs are specifically trained on treating head injuries. [DN 18-1 at ¶ 5.] Further, LCAS has shown that Tapp has complied with the required certification. Without evidence to the contrary, Driver cannot succeed on the first element.

Driver also cannot succeed on the second element. Deliberate indifference requires "proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. Of the Cnty. Comm'rs v. Brown,* 520 U.S. 397, 410 (1997). Driver has not set forth any evidence that shows LCAS disregarded a known or obvious risk. Tapp responded to a patient that was combative and, based on the evidence, responded in a proper manner. This Court cannot find any evidence to support a claim of deliberate indifference.

Finally, Driver cannot meet the third element. Driver must prove an inadequacy is either closely related to or actually caused her injury. The Court has already determined that there is no evidence that the training provided by LCAS was inadequate. Without proving training was inadequate, Driver cannot prove causation. Since Driver cannot prove any of the three elements, her claim must be dismissed. The Court need not address LCAS's argument that it is entitled to qualified immunity. Even if LCAS is not entitled to qualified immunity, Driver cannot succeed because there is no evidence in the record to support her claim.

### IV. CONCLUSION

Driver cannot survive summary judgment on her complaint alone. The Court provided Driver three extensions and no response has been filed. The Court could not delay this matter further. Based on the evidence in the record, Driver has failed to put forth any evidence to create a dispute of a material fact. Without this evidence Driver's claims must be dismissed. For the above stated reasons, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment [DN 17] is **GRANTED.**

A judgment will follow.

**IT IS SO ORDERED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

January 16, 2020

cc: Margaret Michelle Driver
205 Citizen Ct.
Princeton, KY 42445
270-963-8941
PRO SE